Gurmukh SINGH, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–71793.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.*

Decided July 16, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

58

Samuel Maina, Law Offices of S. Ouya Maina, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Douglas E. Ginsburg, John D. Williams, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, THOMAS and BYBEE, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the

MEMORANDUM **

Gurmukh Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision summarily affirming the Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal and for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Thomas v. Ashcroft*, 359 F.3d 1169, 1174 (9th Cir.2004), and will reverse the IJ's determination only if the petitioner shows that the evidence compels such a result. *INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition.

Substantial evidence supports the IJ's decision that Singh did not suffer past persecution or have a well-founded fear of future persecution. The IJ's finding that any mistreatment Singh received was not based on his religion, political opinion, or social group membership, was supported by substantial evidence since Singh testified that he was not a member of any political organization, was not a member of the Akali Dal Amritsar or the All India Sikh Student Federation, and did not adhere to Sikh religious practices. *See id.*

By failing to qualify for asylum, Singh necessarily fails to satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

In addition, substantial evidence supports the IJ's denial of relief under the CAT. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

courts of this circuit except as provided by Ninth Circuit Rule 36–3.